UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHAIFAH SALAHUDDIN,

              Plaintiff,

        -v-

ACCES-VR, SRC, ACCES-VR/SRC, ACCES-VR,
QUALITY ASSURANCE & MONITORING UNIT,
ANNE STERNBACH, REBECCA ROBINSON-
LAWRENCE, LINDA VILLANYI, VANESSA
SCHOLACK, ANITA DARBY, LOREEN
CAMPBELL, all in their individual & official
capacities, other related parties, government &
private JANE/JOHN DOE,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CV-4846 (HG) (RLM)

HECTOR GONZALEZ, United States District Judge:

On May 18, 2021, Plaintiff Shaifah Salahuddin, proceeding *pro se*, filed this action[1]

against Defendants in the United States District Court for the Southern District of New York

("SDNY") alleging claims under the Rehabilitation Act of 1973, Title II of the Americans with

Disabilities Act ("ADA"), Title VI of the Civil Rights Act of 1964 and state laws.  ECF No. 2.

Plaintiff seeks injunctive relief.  ECF No. 2-1 at 6.  On September 17, 2021, Plaintiff filed an

amended complaint and another application to proceed *in forma pauperis* directly with this

Court.[2]  ECF No. 6, ECF No. 7.

---

[1]     In the SDNY, Plaintiff filled out the SDNY's online form for employment discrimination, *see* ECF No. 2, and continued her claims on a separate general complaint form which was treated as an exhibit.  *See* ECF No. 2-1.  This Court liberally construes the employment discrimination and general complaint submitted by Plaintiff as one complaint for the purposes of this Memorandum and Order.

[2]     The amended complaint is identical to the employment discrimination complaint filed in the SDNY, with the exception that it does not contain the separate general complaint form currently treated as an exhibit.  *Cf.* ECF No.  6, ECF No.  2.  The only difference is that Plaintiff has signed the amended complaint.  *See* Am. Compl, ECF No.  6 at 7.  Wherever the original and

By Order dated August 19, 2021, the action was transferred to this Court on August 27,

2021.  ECF No. 3.  The Court grants Plaintiff's application to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915(a) and dismisses the action with leave to amend as set

forth below.

## BACKGROUND

Plaintiff sues several offices of the New York State Education Department's Adult Career

and Continuing Education Services—Vocational Rehabilitation ("ACCES-VR") program, along

with individual ACCES-VR employees, alleging discrimination and retaliation with regard to her

participation in ACCES-VR.  ACCES-VR is a state agency, formerly known as Vocational and

Educational Services for Individuals with Disabilities ("VESID"), whose "mission is to assist

individuals with disabilities to achieve and maintain employment and to support independent

living through training, education, rehabilitation, and career development."  *Morgan v. Commr.*

*of Social Sec.*, No. 18-CV-747, 2020 WL 1189913, at *9, n.3 (W.D.N.Y. Mar. 12, 2020) (citing

www.acces.nysed.gov); *Ma'at El v. VESID*, No. 11-CV-3228 (BMC), 2011 WL 5858157 at *1

(E.D.N.Y. Nov. 21, 2011) ("ACCES-VR (f/k/a VESID) [is] the New York State Agency charged

with providing supportive employment referrals and counseling services to the disabled.").

At the outset, the Court notes that Plaintiff uses many acronyms and abbreviations of

terms without explanation.  To the extent the Court can discern her claims, Plaintiff alleges that

she was "deemed eligible for ACCES-VR services effective 11/5/17."  ECF No. 6 at 5.  On May

---

amended complaint contain identical information, this order will only reference the amended
complaint.  However, it will still reference the original complaint submitted to the SDNY for the
additional information contained in the exhibit.  ECF No.  2-1.

17, 2018, Plaintiff alleges that Defendant Vanessa Scholack "illicitly closed my case right after I asked for job assistance under the NYC 55a program." *Id.* at 5. Plaintiff then alleges that Defendant Scholack "illegally closed my case again on 12/18/18."  ECF No. 2-1 at 5

On March 28, 2019, Plaintiff's "case closure was … reverted effective 12/18/18" and Linda Villanyi was assigned to her case. *Id.* at 5–6.  However, on October 19, 2020, Plaintiff's case was again closed. *Id.* at 6.  Plaintiff seeks to "reopen and restore [the] original individual case file record" retroactive to November 15, 2017, and other relief. *Id.* at 6.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also, e.g.*, *Leybinsky v. Iannacone*, No. 97-CV-5238 (JG), 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require detailed

3

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*, *e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## **DISCUSSION**

### A. **Title VI of the Civil Rights Act and Title II of the ADA**

Title VI of the Civil Rights Act prohibits institutions that receive federal funds from discriminating "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's complaint consists of conclusory statements that do not suggest that any Defendant violated Title VI of the Civil Rights Act or Title II of the ADA. *See, e.g., Martinez v.*

4

*Santamaria*, No. 14 Civ. 7634 (RWS), 2015 WL 4241398, at *5 (S.D.N.Y. July 8, 2014) ("The

Plaintiff has made no factual assertions that would allow a plausible inference that the State

Defendants' actions were even remotely motivated by reason of plaintiff's disability or any other

kind of discrimination.").

Even if Plaintiff had alleged facts against the individual ACCES-VR employees, there

would be no cause of action against them as there is no individual liability under Title VI of the

Civil Rights Act, Title II of the ADA, or under the Rehabilitation Act. *See Garcia v. S.U.N.Y.*

*Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("neither Title II of the

ADA nor 504 of the Rehabilitation Act provides for individual capacity suits against state

officials"); *Sherman v. Harris*, No. 11-CV-4385 (DLI), 2012 WL 4369766 at *8 (E.D.N.Y. Sept.

24, 2012) (individual capacity claims against VESID [now ACCES-VR] employees cannot

proceed under Title VI, Title II of the ADA or Section 504 of the Rehabilitation Act).  The

complaint is dismissed for this reason as to Anne Sternbach, Rebecca Robinson-Lawrence, Linda

Villanyi, Vanessa Scholack, Anita Darby and Loreen Campbell for failure to state a claim.  28

U.S.C. § 1915(e)(2)(B).

### B.  Title I of the Rehabilitation Act

Plaintiff's challenge to the allegedly improper closure of her case with ACCES-VR,

suggests a claim under Title I of the Rehabilitation Act.  Title I of the Rehabilitation Act

provides federal grants to "assist States in operating statewide . . . programs of vocational

rehabilitation . . . designed to assess, plan, develop, and provide vocational rehabilitation services

for individuals with disabilities, consistent with their strengths, resources, priorities, concerns,

abilities, capabilities, interests, and informed choice, so that such individuals may prepare for

and engage in gainful employment."  29 U.S.C. § 720(a)(2)(B); *see also id.* § 720(b).  However,

before a plaintiff may seek judicial review under Title I of the Rehabilitation Act, she must

exhaust her administrative remedies.  *Wasser v. N.Y. State Office of Vocational and Educ. Servs.*

*for Individuals with Disabilities*, 602 F.3d 476, 478–79 (2d Cir. 2010) (per curiam); *Ma'at El v.*

*VESID Org. Queens Access*, No. 11-CV-3228, 2011 WL 5858157, at \*1 (E.D.N.Y. Nov. 21,

2011).

  After a due process hearing is conducted by an impartial hearing officer and a final

decision is issued by the hearing officer, Plaintiff may bring a civil action in district court.

*Wasser*, 602 F.3d at 478; *Ma'at v. VESID*, No. 10-CV-5781, 2011 WL 288512, at \*2 (E.D.N.Y.

Jan. 27, 2011) (citing 29 U.S.C. §§ 722(c)(1), 722(c)(5)(A)(c) and 722(c)(5)(J)(i)).  Here,

Plaintiff alludes to several hearings but does not allege that she obtained a final decision by the

hearing officer.  As it is unclear whether Plaintiff has exhausted all her administrative remedies,

the Court grants Plaintiff leave to file an amended complaint against ACCES-VR if she has

received a final decision.  *See, e.g., Jameson v. NYSED*, No. 10-CV-847, 2010 WL 2921625, at

\*2–3 (E.D.N.Y. July 20, 2010) (directing plaintiff to file an amended complaint to show

exhaustion of remedies for Title I Rehabilitation Act claim to proceed).

## CONCLUSION

  Accordingly, the Court dismisses the complaint as to Anne Sternbach, Rebecca

Robinson-Lawrence, Linda Villanyi, Vanessa Scholack, Anita Darby and Loreen Campbell for

failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

  Plaintiff's complaint against ACCES-VR is dismissed without prejudice and with leave

to file an amended complaint against ACCES-VR within 30 days from the date of this

Memorandum and Order.  Plaintiff should use the general complaint form and blank or ruled

pages to clearly state her allegations rather than try to fit her allegations within the form

complaint.  Plaintiff must set forth her facts against ACCES-VR in a short and plain statement

and must explain the use of any acronyms or abbreviations.  Plaintiff should indicate whether she

has received an impartial due process hearing and whether the hearing officer has issued a final

decision.  Plaintiff should include a copy of the final decision from the hearing officer as an

exhibit to the amended complaint.

The second amended complaint will replace all prior complaints filed in this action.

That is, the second amended complaint must stand on its own without reference to the prior

complaints. The second amended complaint should be captioned "Second Amended Complaint"

and bear the same docket number of this Order, 21-CV-4846 (HG) (RLM).

If Plaintiff fails to file a second amended complaint within the time allowed or show

good cause why she cannot, the Court will direct the Clerk of Court to enter judgment dismissing

the case for the reasons stated above. Plaintiff may contact the City Bar Justice Center's Federal

Pro Se Legal Assistance Project at 212-382-4729 for free, limited-scope legal assistance. The

Clerk of Court is directed to mail a General Complaint Form to Plaintiff along with a copy of this

Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

   */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated:  June 2, 2022
        Brooklyn, New York

7